

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess Logoff ALEXIS_SILSBE

**2022-CC00880 - LAWRENCE O'TOOLE V CITY OF ST LOUIS ET AL (E-CASE)**

FV FileViewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

Click here to eFile on Case          Sort Date Entries: ● Descending ○          Display Options: All Entries ▼
Click here to Respond to Selected Documents                          Ascending

| | |
|---|---|
| 01/13/2021 | ☐ **Summons Issued-Circuit**<br>Document ID: 21-SMCC-414, for EDWARDS, JIMMIE M. |
| | ☐ **Summons Issued-Circuit**<br>Document ID: 21-SMCC-413, for HAYDEN, JOHN W. |
| 12/30/2020 | ☐ **Jury Trial Scheduled**<br>Scheduled For: 02/22/2021;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis |
| | ☐ **Hearing Continued/Rescheduled**<br>Hearing Continued From: 01/11/2021;  9:00 AM Jury Trial |
| 12/22/2020 | ☐ **Other Proposed Document Filed**<br>FIRST AMENDED PETITION FOR RETALIATION AND DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AND THE EQUAL EMPLOYMENT OPPORTUNITY ACT; Electronic Filing Certificate of Service.<br>**Filed By:** NEIL JOHN BRUNTRAGER<br>**On Behalf Of:** LAWRENCE O'TOOLE |
| | ☐ **Motion for Leave**<br>Motion for Leave to File First Amended Petition; Electronic Filing Certificate of Service.<br>**Filed By:** NEIL JOHN BRUNTRAGER |
| 11/20/2020 | ☐ **Objections Filed**<br>Plaintiffs Objection to Submission; Electronic Filing Certificate of Service.<br>**Filed By:** NEIL JOHN BRUNTRAGER<br>**On Behalf Of:** LAWRENCE O'TOOLE |
| 11/17/2020 | ☐ **Motion for Extension of Time**<br>Plaintiffs Request for Additional Time to Respond to Defendant City of St Louiss Motion to Dismiss; Electronic Filing Certificate of Service.<br>**Filed By:** NEIL JOHN BRUNTRAGER<br>**On Behalf Of:** LAWRENCE O'TOOLE |
| 11/09/2020 | ☐ **Cause Taken Under Advisement**<br>DEFENDANT'S MOTION TO DISMISS IS TAKEN UNDER SUBMISSION. SO ORDERED: JUDGE CHRISTOPHER MCGRAUGH. |
| | ☐ **Jury Trial Scheduled**<br>Associated Entries: 12/30/2020 - Hearing Continued/Rescheduled<br>Scheduled For: 01/11/2021;  9:00 AM ;  REX M BURLISON;  City of St. Louis |
| | ☐ **Hearing Continued/Rescheduled**<br>Hearing Continued From: 11/09/2020;  9:00 AM Jury Trial |
| 11/06/2020 | ☐ **Proposed Order Filed**<br>Proposed Order Defendants MTD taken under submission; Electronic Filing Certificate of Service.<br>**Filed By:** ALEXIS LEE SILSBE<br>**On Behalf Of:** CITY OF ST LOUIS, ST LOUIS METROPOLITAN POLICE DEPARTMENT |

| | | |
|---|---|---|
| 09/17/2020 | ☐ | **Memo of Law in Supp of Filed** |
| | | Memorandum of Law in Support of Motion to Dismiss; Electronic Filing Certificate of Service. |
| | | **Filed By:** ALEXIS LEE SILSBE |
| | | **On Behalf Of:** CITY OF ST LOUIS, ST LOUIS METROPOLITAN POLICE DEPARTMENT |
| | ☐ | **Motion to Dismiss** |
| | | **Filed By:** ALEXIS LEE SILSBE |
| | ☐ | **Entry of Appearance Filed** |
| | | Silsbe EOA; Electronic Filing Certificate of Service. |
| | | **Filed By:** ALEXIS LEE SILSBE |

| | | |
|---|---|---|
| 08/20/2020 | ☐ | **Corporation Served** |
| | | Document ID - 20-SMCC-5625; Served To - ST LOUIS METROPOLITAN POLICE DEPARTMENT; Server - B JONES, SERVICE DEPUTY; Served Date - 18-AUG-20; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - ROJENA HELMS/LEGAL SEC |
| | ☐ | **Corporation Served** |
| | | Document ID - 20-SMCC-5624; Served To - CITY OF ST LOUIS; Server - F PARKER, SERVICE DEPUTY; Served Date - 19-AUG-20; Served Time - 11:45:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - CYNTHIA ASKEW/CLERK |

| | | |
|---|---|---|
| 08/06/2020 | ☐ | **Motion Special Process Server** |
| | | Request for Appointment of Process Server. |
| | | **Filed By:** NEIL JOHN BRUNTRAGER |
| | | **On Behalf Of:** LAWRENCE O'TOOLE |

| | | |
|---|---|---|
| 07/31/2020 | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 20-SMCC-5625, for ST LOUIS METROPOLITAN POLICE DEPARTMENT. |
| | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 20-SMCC-5624, for CITY OF ST LOUIS. |

| | | |
|---|---|---|
| 06/02/2020 | ☐ | **Alias Summons Requested** |
| | | Request to Issue Summons. |
| | | **Filed By:** NEIL JOHN BRUNTRAGER |
| | | **On Behalf Of:** LAWRENCE O'TOOLE |

| | | |
|---|---|---|
| 05/26/2020 | ☐ | **Jury Trial Scheduled** |
| | | **Associated Entries:** 11/09/2020 - Hearing Continued/Rescheduled |
| | | **Scheduled For:** 11/09/2020;  9:00 AM ;  REX M BURLISON;  City of St. Louis |

| | | |
|---|---|---|
| 05/01/2020 | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** NEIL JOHN BRUNTRAGER |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | Petition for Retaliation and Discrimination in Violation of the Missouri Human Rights Act. |
| | | **Filed By:** NEIL JOHN BRUNTRAGER |
| | | **On Behalf Of:** LAWRENCE O'TOOLE |
| | ☐ | **Judge Assigned** |

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
## [ST. LOUIS CITY]

**LAWRENCE O'TOOLE**       )

                                )

Plaintiff,              )

                                )      **Case No. 2022-CC00880**

**v.**                  )

                                )      **Division 19**

**CITY OF ST. LOUIS, et al.**    )

                                )

                                )

Defendants.          )

## ENTRY OF APPEARANCE

Comes now Korey Lewis and hereby enters her appearance in this matter for Defendants

City of St. Louis, John Hayden, Jimmie Edwards and the non-suable entity, St. Louis

Metropolitan Police Department.

Respectfully submitted,
MICHAEL GARVIN,
CITY COUNSELOR

By:  /s/ Korey Lewis

Korey Lewis #68203
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4651
Fax: 314-622-4956
LewisK@stlouis-mo.gov
**ATTORNEY FOR DEFENDANTS**

1

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing was electronically filed with the Court for service on January 19, 2021.

/s/ Korey Lewis

 **IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: **2022-CC00880** | |
|---|---|---|
| Plaintiff/Petitioner:<br>LAWRENCE O'TOOLE | Plaintiff's/Petitioner's Attorney/Address<br>NEIL JOHN BRUNTRAGER<br>225 SOUTH MERAMEC AVE<br>SUITE 1200<br>CLAYTON, MO 63105 | |
| vs. | | |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: JOHN W HAYDEN<br>Alias: POLICE CHIEF OF THE CITY OF STL METRO POLICE DEPT | |
|---|---|
| THE POLICE LEGAL SECTION<br>1915 OLIVE ST<br>SAINT LOUIS, MO 63103 | **SHERIFF'S FEE PAID** |

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**January 13, 2021**

_____          _Thomas Kloeppinger_
Date                                                     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                      Date                            Notary Public

### Sheriff's Fees, if applicable

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC00880 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>LAWRENCE O'TOOLE | Plaintiff's/Petitioner's Attorney/Address<br>NEIL JOHN BRUNTRAGER<br>225 SOUTH MERAMEC AVE<br>SUITE 1200<br>vs.   CLAYTON, MO 63105 | |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | JIMMIE M EDWARDS<br>Alias: IN HIS OFFICIAL & INDIVIDUAL CAPACITY |

1200 MARKET ROOM 401
ST. LOUIS, MO 63103

*COURT SEAL OF*

**CIRCUIT COURT OF MISSOURI**

*CITY OF ST LOUIS*

SHERIFF'S FEE PAID

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**January 13, 2021**

_____
Date

*Thomas Kloppinger*
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| LAWRENCE O'TOOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No:      2022-CC00880 |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION**

COMES NOW Plaintiff Lawrence O'Toole, by and through Counsel Neil J. Bruntrager of Bruntrager & Billings, P.C., and move this Court for leave to file his First Amended Petition

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
Attorney for Plaintiff
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
(314) 646-0066
(314) 646-0065  Fax
Email: njbatty@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2020, the foregoing **Motion for Leave to File First Amended Petition** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

 /s/ Neil J. Bruntrager

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    ALEXIS LEE SILSBE, City Counselor
SERVICE EMAIL:    silsbea@stlouis-mo.gov

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| LAWRENCE O'TOOLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| Serve: | ) | |
| 1200 Market Street | ) | Cause No: 2022-CC00880 |
| St. Louis, MO 63103 | ) | |
| | ) | |
| THE ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| Serve: | ) | |
| Chief John Hayden | ) | |
| 1910 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| CHIEF JOHN HAYDEN, | ) | |
| in his official and individual capacity, | ) | |
| Serve: | ) | |
| 1910 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JIMMIE EDWARDS, | ) | |
| in his official and individual capacity, | ) | |
| Serve: | ) | |
| 1200 Market Street, #401 | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED PETITION FOR RETALIATION AND DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AND THE EQUAL EMPLOYMENT OPPORTUNITY ACT

COMES NOW Plaintiff, Lawrence O'Toole, by and through his undersigned attorney, and for his claim against the City of St. Louis, the St. Louis Metropolitan Police Department, Chief John Hayden and Jimmie Edwards states as follows:

1.      Plaintiff brings this action under the Missouri Human Rights Act, §213.010 *et seq.*, R.S.Mo. 1986, as amended ("MHRA"), and 42 U.S.C §2000(e) *et seq*.

1

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

2.      The unlawful practices complained of herein were committed within the City of St. Louis, Missouri. Jurisdiction and venue in this court are proper pursuant to Missouri Revised Statutes §213.111.

3.      Plaintiff Lawrence O'Toole is a resident of the City of St. Louis, State of Missouri and a citizen of the United States.

4.      Defendant City of St. Louis is a political subdivision of the state of Missouri and is, therefore, an employer within the meaning of MHR §213.010(8).

5.      Defendant St. Louis Metropolitan Police Department is a division and department of the City of St. Louis and a political subdivision of the State of Missouri and, therefore, an employer within the meaning of MHRA §213.010(8).

6.      On June 22, 2018, Plaintiff filed charge number E – 06\18-49650; 28E-2018-01181C and 560 – 2019 – 01816 with the US Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR "). On June 20, 2019 the Plaintiff filed a First Amended Complaint clarifying his ongoing retaliation claim.

7.      On February 6, 2020, MCHR issued its notice of right to sue.

8.      Plaintiff timely filed his lawsuit within 90 days of MCHR's issuance of the notice of right to sue.

9.      Defendant City of St. Louis and the St. Louis Metropolitan Police Department hired the Plaintiff to work as a commissioned police officer from 1984 through the present.

10.     The Plaintiff was consistently promoted throughout his career through the ranks to the position of Lieutenant Colonel.  From July 2015 to April 2017 the Plaintiff served as the Assistant Chief of Police. When the former Chief of Police resigned in 2017, Plaintiff, because of his experience and qualifications, was appointed the Acting Police Commissioner.  Plaintiff served in this position from April 2017 to December 2017.

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

11.     Plaintiff consistently performed his duty to the Defendants throughout his employment and exceeded expectations.

12.     The Police Chief of the St. Louis Metropolitan Police Department is identified as the Police Commissioner under the City of St. Louis Charter. The appointing authority for the Police Commissioner is the Director of Public Safety. The Director of Public Safety at all relevant times in this matter was Jimmie Edwards.

13.     In April of 2017, the Plaintiff was assigned the duties of Police Commissioner given the title "Interim Police Commissioner".

14.     The process for the selection of Police Commissioner began on October 2, 2017. The application closed on October 26, 2017.  The Plaintiff participated in this process.

15.     Upon information and belief the promotion/hiring process for the position of Police Commissioner was biased against Plaintiff on the basis of his race.

16.     The promotion/hiring process occurred during and shortly after the Stockley riots which were racially motivated. This public unrest created a motivation on the part of the Defendants to refuse to promote the Plaintiff and such animus arose from the Plaintiff's race.

17.     The Defendants created committees for the stated purpose narrowing the list of candidates, ranking the candidates and making recommendations of candidates to the appointing authorities. Such committees were pretextual and heavily biased against the Plaintiff on the basis of race.

18.     Upon information and belief, the Defendant City of St. louis established the selection committees in a biased and unfair manner in the selection of members and the manner in which interviews were conducted.  The selection committees contained members who were openly hostile to the Plaintiff on the basis of his race.

19.     The Defendants conducted public meetings as part of the promotion/hiring process. These meetings were conducted in a way designed to humiliate and embarrass the

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

Plaintiff on the basis of his race.  The Defendants failed to control the meetings and their participants so that the meetings were chaotic and Plaintiff was denied the opportunity to participate in a fair and meaningful way.

20.     On December 27, 2017, the Plaintiff was notified through Jimmy Edwards and Mayor Lyda Krewson that he was not being selected for the position of Police Commissioner\Chief. The Director of Public Safety, Jimmy Edwards, stated, "If Jason Stockley didn't happen you would be the Police Chief". Plaintiff asserts upon information believed that this reflects the fact that the Plaintiff's race was clearly a motivating factor in the decision not to promote the Plaintiff.

21.     Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act.  As a result of Defendants actions and failure to act , Plaintiff has lost and continues to lose  wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

**Count I**
**Retaliation**

22.     On December 20, 2017, Public Safety Director Jimmie Edwards promoted John Hayden to the position of Police Commissioner. This decision not to promote the Plaintiff was discriminatory and motivated by race.

23.     Upon information and belief, Police Commissioner John Hayden took office and immediately changed the duties and responsibilities held by the Plaintiff, including the duties and responsibilities of the Assistant Chief of Police.

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

24.     The decision to change the duties and responsibilities was an effort to marginalize an attempt to force the resignation of the Plaintiff.

25.     On December 27, 2017, when the Plaintiff was notified that he was not going to be appointed to the position of Police Commissioner, the Director of Public Safety provided a letter to the Plaintiff indicating that the Plaintiff would receive a pay increase and specifically asked the Plaintiff not to retire.

26.     In addition, on December 27, 2017, the Director of Public Safety Jimmie Edwards stated in the presence of Mayor Lyda Krewson that not only would he be receiving a pay increase but that he would, in addition to that pay increase, be receiving the voter approved $6000 pay increase in July of 2018.

27.     Plaintiff filed his complaints alleging discrimination with the EEOC and MHRC on June 22, 2018, prior to the scheduled pay raise.

28.     All commissioned police officers of the St. Louis Metropolitan Police Department received this voter approved pay increase on July 13, 2018 except Plaintiff.

29.     The Plaintiff is one of five officers who holds the rank of Lieutenant Colonel. All five similarly situated Lieutenant Colonels each have different titles associated with their positions. All report directly to the Commissioner of Police. All other similarly situated Lieutenant Colonels did receive the $6000 pay increase on July 13, 2018. Only the Plaintiff, among all other commissioned police officers and Lieutenant Colonels did not receive this pay increase.

30.     On August 1, 2018, Plaintiff spoke to Police Commissioner John Hayden in person and through emails regarding the pay issue and documenting his concerns.

31.     On June 7, 2018, the Plaintiff inquired of David Daniels, Director of Finance for the St. Louis Metropolitan Police Department, whether he would be receiving the Prop P

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

pay increase. Daniels responded by email indicating that he would inquire and would respond to the Plaintiff.

32.     On June 22, 2018, the Plaintiff filed his formal complaint of discrimination and retaliation, as set forth above.

33.     On July 13, 2018, every other member of the St. Louis Metropolitan Police Department received a pay increase based upon Proposition P revenues except the Plaintiff. The decision to deny the pay increase to the Plaintiff was discriminatory and retaliatory for Plaintiffs complaints against the Defendants.

34.     The retaliatory actions taken against the Plaintiff are ongoing and continuing.

35.     Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act.  As a result of Defendants actions and failure to act , Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

36.     The conduct of Defendants was undertaken willfully, wantonly, maliciously, with evil motive, and with reckless disregard and indifference for the rights of Plaintiff.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

## Count II
### Title VII Claims Under 42 U.S.C. Section 2000(e) et seq

37.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 36 as though fully set forth herein.

38.     On September 29, 2020, the Department of Justice and the Equal Employment Opportunity Commission issued its notice of right to sue.

39.     Plaintiff timely filed his lawsuit within ninety (90) days of the Department of Justice and the EEOC's issuance of the notice of right to sue.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager, #29688
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
(314) 646-0066
(314) 646-0065  Fax
njbatty@aol.com

Attorney for Plaintiff

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    ALEXIS LEE SILSBE, City Counselor
SERVICE EMAIL:    silsbea@stlouis-mo.gov

Electronically Filed - City of St. Louis - December 22, 2020 - 02:15 PM

Electronically Filed - City of St. Louis - November 20, 2020 - 03:03 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| LAWRENCE O'TOOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No:    2022-CC00880 |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTION TO SUBMISSION**

COMES NOW Plaintiff Lawrence O'Toole, by and through Counsel Neil J. Bruntrager of Bruntrager & Billings, P.C., and hereby objects to submission of this case. Defendants have asked that this matter be submitted on briefs. Plaintiff objects to submission and asks that the matter be set for oral argument.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
Attorney for Plaintiff
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
(314) 646-0066
(314) 646-0065  Fax
Email: njbatty@aol.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 20th day of November, 2020, the foregoing **Plaintiff's Objection to Submission** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

     <u>/s/ Neil J. Bruntrager</u>

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   ALEXIS LEE SILSBE, City Counselor
SERVICE EMAIL:   silsbea@stlouis-mo.gov

Electronically Filed - City of St. Louis - November 20, 2020 - 03:03 PM

Electronically Filed - City of St. Louis - November 17, 2020 - 12:02 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| LAWRENCE O'TOOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No:     2022-CC00880 |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO RESPOND TO
DEFENDANT CITY OF ST. LOUIS'S MOTION TO DISMISS**

COMES NOW Plaintiff Lawrence O'Toole, by and through Counsel Neil J. Bruntrager of Bruntrager & Billings, P.C., and respectfully requests an additional fourteen (14) days up to and including December 1, 2020 in which to respond to Defendant City of St. Louis's Motion to Dismiss. Further, Plaintiff objects to submission at this time of Defendant's Motion to Dismiss without the opportunity for oral argument. Plaintiff requests oral argument on the Motion.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
Attorney for Plaintiff
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
(314) 646-0066
(314) 646-0065  Fax
Email: njbatty@aol.com

Electronically Filed - City of St. Louis - November 17, 2020 - 12:02 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2020, the foregoing **Request for Additional Time to Respond to Defendant's Motion to Dismiss** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

 /s/ Neil J. Bruntrager

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:    ALEXIS LEE SILSBE, City Counselor
SERVICE EMAIL:    silsbea@stlouis-mo.gov

Electronically Filed - City of St. Louis - November 17, 2020 - 12:02 PM



## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
## [ST. LOUIS CITY]

| | |
|---|---|
| **LAWRENCE O'TOOLE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CITY OF ST. LOUIS, et al.** | ) |
| | ) |
| | ) |
| Defendants. | ) |

**Case No. 2022-CC00880**

**Division 19**

### ORDER

In accordance with this Court's Administrative Order 34, Defendants' Motion to Dismiss

is hereby taken under submission.

Date: _____

SO ORDERED:

_____

Electronically Filed - City of St. Louis - November 06, 2020 - 11:41 AM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

| | | |
|---|---|---|
| **LAWRENCE O'TOOLE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 2022-CC00880** |
| v. | ) | |
| | ) | **Division 19** |
| **CITY OF ST. LOUIS, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In accordance with this Court's Administrative Order 34, Defendants' Motion to Dismiss is hereby taken under submission.

Date: _____

SO ORDERED:

_____

1

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   NEIL JOHN BRUNTRAGER, Attorney for Plaintiff
SERVICE EMAIL:   njbatty@aol.com, gpp@law-stl.com

Electronically Filed - City of St. Louis - November 06, 2020 - 11:41 AM

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

| | |
|---|---|
| **LAWRENCE O'TOOLE** ) | |
| ) | |
| Plaintiff, ) | **Case No. 2022-CC00880** |
| ) | |
| **v.** ) | **Division 19** |
| ) | |
| **CITY OF ST. LOUIS, et al.** ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ENTRY OF APPEARANCE**

Comes now Alexis L. Silsbe and hereby enters her appearance in this matter for

Defendant City of St. Louis and the non-suable entity, St. Louis Metropolitan Police Department.

Respectfully submitted,
JULIAN BUSH,
CITY COUNSELOR

By:  /s/ Alexis L. Silsbe_____

Alexis L. Silsbe #64637
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4621
Fax: 314-622-4956
SilsbeA@stlouis-mo.gov
**ATTORNEY FOR DEFENDANTS**

1

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed with the Court for service on September 17, 2020.

/s/ Alexis L. Silsbe

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY:    NEIL JOHN BRUNTRAGER, Attorney for Plaintiff
SERVICE EMAIL:    njbatty@aol.com, gpp@law-stl.com

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

| | | |
|---|---|---|
| **LAWRENCE O'TOOLE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 2022-CC00880** |
| v. | ) | |
| | ) | **Division 19** |
| **CITY OF ST. LOUIS, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

COMES NOW Defendant City of St. Louis ("Defendant") and moves this court to dismiss Plaintiff Lawrence O'Toole's ("Plaintiff") Petition under Missouri Rule of Civil Procedure 55.27 (6) because it fails to state a claim for which relief can be granted. In support, Defendant states:

1.      Plaintiff has named the "St. Louis Metropolitan Police Department" as a defendant, but the police department is not a suable entity.

2.      To the extent Plaintiff seeks to assert a claim of race discrimination for failure to promote pursuant to the Missouri Human Rights Act ("MHRA"), such claim is time-barred. Plaintiff's lawsuit was filed on May 1, 2020; accordingly, any claims accruing before May 1, 2018 are time-barred. Plaintiff failed to file a lawsuit within 2 years of learning that he was not selected for promotion; for this reason, Plaintiff's allegations are not actionable under the MHRA. RSMo. § 213.055. Similarly, any claim Plaintiff may have had related to his allegations that Commissioner Hayden restructured his job duties in an attempt to force Plaintiff to resign are time-barred.

1

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

3.      To the extent Plaintiff seeks to assert claims for retaliation, hostile work environment, or national origin discrimination, Plaintiff fails to allege timely facts that would demonstrate he is entitled to the relief sought.

4.      Accordingly, Plaintiff's Petition fails to allege sufficient facts to demonstrate that Defendant committed any actionable discrimination against Plaintiff and Plaintiff's Petition should be dismissed.

5.      In further support of this motion, Defendant submits a Memorandum of Law setting out the facts, arguments, and law on which it relies in greater detail.

WHEREFORE, Defendant City of St. Louis requests that the Court dismiss Plaintiff's Petition and for any other orders which this Court deems proper.

Respectfully submitted,
JULIAN BUSH,
CITY COUNSELOR

By:  /s/ Alexis L. Silsbe_____

Alexis L. Silsbe #64637
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4621
Fax: 314-622-4956
SilsbeA@stlouis-mo.gov
**ATTORNEY FOR DEFENDANT**

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed with the Court for service on September 17, 2020.

/s/ Alexis L. Silsbe

3

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    NEIL JOHN BRUNTRAGER, Attorney for Plaintiff
SERVICE EMAIL:    njbatty@aol.com, gpp@law-stl.com

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**[ST. LOUIS CITY]**

LAWRENCE O'TOOLE       )
                        )
     Plaintiff,          )
                        )      **Case No. 2022-CC00880**
      v.              )
                        )        **Division 19**
CITY OF ST. LOUIS, et al.     )
                        )
                        )
     Defendants.       )

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT CITY OF ST. LOUIS'S MOTION TO DISMISS**

COMES NOW Defendant City of St. Louis ("Defendant") and moves this court to dismiss Plaintiff Lawrence O'Toole's ("Plaintiff") Petition under Missouri Rule of Civil Procedure 55.27 (6) because it fails to state a claim for which relief can be granted. In support, Defendant states:

I.     <u>INTRODUCTION</u>

Plaintiff is a current employee of Defendant City of St. Louis. On May 1, 2020, Plaintiff filed a single-count Petition, captioned "Retaliation," against Defendant and the non-suable entity "The St. Louis Metropolitan Police Department." However, Plaintiff's Petition alleges not only retaliation, but also alleges that Defendant discriminated against Plaintiff on the basis of his race when it did not promote him to Police Commissioner, in that "plaintiff's race was clearly a motivating factor in the decision not to promote the Plaintiff." Plaintiff's Petition, ¶ 20. Plaintiff further alleges that Defendant "discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act." Pl. Pet. ¶ 21. Plaintiff also alleges that, in December 2017, the new

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

Police Commissioner, John Hayden, changed Plaintiff's "duties and responsibilities" in "an effort to marginalize an attempt to force the resignation of the Plaintiff." Pl. Pet. ¶ 24. Incongruously, Plaintiff also alleges that he simultaneously received a pay increase as an incentive not to retire. Pl. Pet. ¶ 25. Plaintiff also alleges that on December 27, 2017, the Director of Public Safety promised Plaintiff he would receive a "voter approved pay increase" in July 2018. Pl. Pet. ¶ 26. Plaintiff alleges that he filed his charge of discrimination and retaliation on June 22, 2018 and that he did not receive the $6000 pay increase but all other "similarly situated" employees of his rank did receive the pay increase on July 13, 2018. Pl. Pet. ¶¶ 28, 31. However, Plaintiff fails to allege that Defendant was aware that Plaintiff filed his charge of discrimination prior to July 13, 2018, or any other facts that would allow an inference of retaliatory motive. Plaintiff's Petition does not allege any other facts that would support a claim for discrimination under the MHRA.

II.     LEGAL STANDARD

Missouri Supreme Court Rule 55.27(a)(6) provides for motions to dismiss for failure to state a claim upon which relief can be granted. "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom." *Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 306 (Mo. 1993), (citing *Sullivan v. Carlisle,* 851 S.W.2d 510, 512 (Mo. banc 1993)). In evaluating a motion to dismiss, the court does not attempt to weigh the credibility of any facts alleged. *Id.* Rather, the court merely reviews the petition to determine whether the facts alleged by the Plaintiff are sufficient to "meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* Where they are not, the case must be dismissed.

"Where the pleadings fail to state a cause of action under the law or fail to state facts entitling the party to relief, the trial court may dismiss the lawsuit. Missouri rules of civil

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

procedure demand more than mere conclusions that the pleader alleges without supporting facts. Missouri is a fact-pleading state and every petition must contain facts that sufficiently demonstrate the pleader is entitled to the relief sought. A petition must contain allegations of fact in support of each essential element of the cause sought to be pleaded. [The] Court disregards all conclusions in a petition when they are not supported by facts." *Adem v. Des Peres Hosp., Inc.*, 515 S.W.3d 810, 815 (Mo. App. E.D. 2017) (internal citations omitted).

III.   THE ST. LOUIS METROPOLITAN POLICE DEPARTMENT IS NOT A SUABLE ENTITY

Plaintiff has named the "St. Louis Metropolitan Police Department" as a defendant, but the police department is not a suable entity. It is a mere administrative arm of the City and lacks any legal identity apart from the City. *Jordan v. Kan. City*, 929 S.W.2d 882, 888 (Mo. App. W.D. 1996). It is well-settled law in the State of Missouri that a department or subdivision of a city "is not a legislatively created entity but is an administrative arm of the City which lacks a legal identity apart from the City. *Id*. Claims filed against a subdivision of a city should be dismissed. *Id.* "The Missouri Supreme Court held long ago that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments." *Catlett v. Jefferson Cty.*, 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004) (citing *American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City,* 285 Mo. 581, 227 S.W.114, 116 (Mo. 1920)). See also *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 573 (E.D. Mo. 1997) (dismissing claim against St. Louis City Water Division because it "is merely an arm of the City and lacks a separate legal identity apart from the City.").

Here, the City's Police Division is a division of the Department of Public Safety of the City of St. Louis, established pursuant to § 84.343 RSMo. The statute authorizing the creation of a municipal police force does not grant the municipal police force the authority to sue or be sued.

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

*See id.* Accordingly, the only proper Defendant is the City of St. Louis; all claims against "The St. Louis Metropolitan Police Department" must be dismissed.

IV.    PLAINTIFF'S CLAIM FOR RACE DISCRIMINATION IS BARRED BY THE STATUTE OF LIMITATIONS

"A motion to dismiss is the proper motion for attacking a petition on the ground it is barred by the statute of limitations, especially where the expiration of the limitation appears on the face of the petition." *Plengemeier v. Thermadyne Indus.*, 409 S.W.3d 395, 399 (Mo. App. E.D. 2013) (citing *Harris-Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo.App. E.D. 1998); *Heintz v. Swimmer*, 922 S.W.2d 772, 775 (Mo.App. E.D. 1996)).

The MHRA prohibits race discrimination in employment, but subjects all such lawsuits to a two-year statute of limitations. RSMo. § 213.111.1. The MHRA provides that it is unlawful for an employer "[t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." RSMo. § 213.055.  The MHRA requires plaintiffs to file their claims of race discrimination within a specific time period or the claims are barred. "Any action brought in court under this section shall be filed … no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." RSMo. § 213.111. If the lawsuit is not filed within this limitations period, the claim is barred and is no longer actionable. *Tisch v. DST Sys.*, 368 S.W.3d 245, 255 (Mo. App. 2012). Individually-identifiable significant events, such as a termination or refusal to promote, which occur at a particular moment in time are "discrete acts" of discrimination. *AMTRAK v. Morgan*, 536 U.S. 101, 110-14 (2002). Each such incident of discrimination constitutes a separate, actionable unlawful employment practice. *Id.* at 113-14. "A discrete … discriminatory act 'occurred' on the day that it 'happened.'" *Id.* at 110. If the employee fails to file suit within two

4

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

years of the date such a "discrete act" happened, the claim is time-barred. *Tisch*, 368 S.W.3d at 255.

Thus, any alleged discrimination occurring prior to May 1, 2018 is no longer actionable. Here, to the extent Plaintiff seeks to assert a claim of race discrimination for failure to promote, such claim is time-barred because Plaintiff alleges that he learned that he was not being promoted on December 27, 2017. Pl. Pet. ¶ 20. Similarly, any claim Plaintiff may have had related to his allegations that in December 2017, Commissioner Hayden immediately restructured his job duties in an attempt to force Plaintiff to resign are time-barred. Pl. Pet. ¶¶ 22-23. Both of these events are "discrete acts" that occurred in December 2017. Because Plaintiff failed to file this lawsuit within two years of these alleged events, any claim Plaintiff might have had is not actionable and must be dismissed.

## V. PLAINTIFF'S PETITION FAILS TO STATE A CLAIM FOR RETALIATION

The MHRA also prohibits retaliation against employees who engage in protected activity. "It shall be an unlawful discriminatory practice: to retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing conducted pursuant to this chapter." RSMo. § 213.070(2). There can be no question that filing a charge of discrimination constitutes protected activity under the MHRA.

The elements of a retaliation claim under the MHRA are (1) plaintiff complained of discrimination; (2) the employer took adverse action against him; and (3) the adverse action was causally linked to the discrimination complaint. § 213.070 R.S.Mo, *Medley v. Valentine Radford Communications, Inc*., 173 S.W.3d 315, 325 (Mo., 2005). The employee must show that the

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

adverse actions taken against him are not merely "discourteous," but are the "sort of actions that would deter a reasonable employee from reporting discrimination." *Chivers v. Wal-Mart Stores, Inc.*, 641 F.3d 927, 932-33 (8th Cir. 2011).

Here, Plaintiff fails to allege that Defendant took any actions against him *because of* his complaint of discrimination, which he alleges he made on June 22, 2018. Pl. Pet. ¶ 31. Most of Plaintiff's allegations concern events that happened prior to his complaint of discrimination and therefore cannot logically form the basis for a complaint of retaliation. *See*, Petition. The only allegation that occurred after his complaint of discrimination is that on July 13, 2018, he did not receive a pay increase based on Proposition P. Pl. Pet. ¶ 32. However, Plaintiff fails to allege sufficient facts to support the conclusion that the reason he did not receive the Proposition P pay increase was that he filed a complaint of discrimination. Plaintiff's claim that the reason he did not receive the pay increase was retaliatory is merely speculative. Plaintiff does not even allege that Defendant was aware of the complaint of discrimination, nor does Plaintiff allege facts that would demonstrate he was legally entitled to any voter-approved pay increase. Mere speculation or conclusions unsupported by factual pleading are not sufficient to state a claim. Accordingly, Plaintiff has failed to state a claim for retaliation and his Petition must be dismissed.

VI.     <u>PLAINTIFF'S PETITION FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT</u>

The elements of a hostile work environment claim under the MHRA are as follows: (1) plaintiff is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) his membership in the protected group was the cause of the harassment; and (4) a term, condition or privilege of his employment was adversely affected by the harassment. § 213.055 R.S.Mo., *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 666 (Mo., 2009). The harassment must be severe enough that, when viewed objectively, a reasonable person would find it to be serious and

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

pervasive. *Id.* at 527. Furthermore, the plaintiff must demonstrate "a causal nexus between the harassment and membership in the protected group." *Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010). It is a basic requirement that the alleged harassment be motivated by the plaintiff's protected class; unpleasant interactions with coworkers that are unrelated to race cannot constitute race-based hostile work environment. *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 527 (Mo. App. E.D. 2009).

Here, Plaintiff's Petition makes a conclusory allegation that he was subjected to a "hostile work environment" due to his "national origin and race" (Pl. Pet. ¶ 21) but fails to allege any facts that would meet the elements of the claim. Plaintiff fails to allege that he was subjected to any unwelcome harassment that adversely affected any term, condition, or privilege of his employment. Plaintiff's petition is devoid of any allegations that constitute severe or pervasive harassment because of his membership in any protected classification. To the extent Plaintiff's allegations concerning the hiring process are intended to claim a hostile work environment, they fail to do so. The fact that members of the public were unhappy with his handling of the Stockley protests, and that the Stockley protests were related to race, does not constitute harassment of Plaintiff on the basis of his race. Nor do these allegations factually state a claim for harassment. Moreover, the Petition states on its face that the hiring process had been completed by December 27, 2017. Pl. Pet. ¶ 20. Plaintiff's Petition does not contain any allegations that he experienced anything that could constitute harassment at any point after the conclusion of the hiring process. Plaintiff's lawsuit was filed more than two years after December 27, 2017, so any claim of hostile work environment Plaintiff might have had related to the hiring process for Police Commissioner is time-barred.

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

Accordingly, Plaintiff's Petition has failed to state a timely claim for hostile work environment and must be dismissed.

VII.   PLAINTIFF'S PETITION FAILS TO STATE A CLAIM FOR NATIONAL ORIGIN DISCRIMINATION

The Missouri Human Rights act prohibits discrimination on the basis of national origin. *Kader v. Bd. of Regents of Harris-Stowe State Univ.*, 565 S.W.3d 182, 187 (Mo. 2019). "The 'term' national origin on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *LaRocca v. Precision Motorcars, Inc.*, 45 F. Supp. 2d 762, 769 (D. Neb. 1999).  A prima facie case of discrimination under the MHRA requires the employee to show: (1) membership in a protected class; (2) the employer took an adverse employment action against the employee; and (3) the adverse action was because of plaintiff's membership in a protected class. § 213.055 R.S.Mo.; *Gamber v. Mo. Dep't of Health & Senior Servs.*, 225 S.W.3d 470, 475 (Mo. App. W.D. 2007).

Here, Plaintiff's Petition is devoid of any factual allegations with regard to the Plaintiff's national origin.  Additionally, the Plaintiff's Petition fails to mention any allegations that the Defendant took adverse employment actions against him because of his national origin. Accordingly, Plaintiff's conclusory claim that he was subjected to "national origin" discrimination is devoid of merit, and Plaintiff's Petition must be dismissed.

VIII.   CONCLUSION

As demonstrated above, Plaintiff's Petition fails to allege facts sufficient to "meet the elements of a recognized cause of action, or of a cause that might be adopted in [this] case." *Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 306 (Mo. 1993).  The Plaintiff has failed to meet the elements of a cause of action for retaliation, national origin discrimination, and hostile work environment. The St. Louis Metropolitan Police Department is a non-suable identity, so the

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

claims against the Police Department must be dismissed.   Lastly, his allegations for race discrimination are time-barred.  For these reasons, Plaintiff's Petition should be dismissed.

WHEREFORE, Defendant prays this Court dismisses Plaintiff's Complaint in its entirety with prejudice for failing to state a claim upon which relief can be granted.  Defendant seeks the aforementioned relief, together with Defendant's costs herein and for such other and further relief as this court deems necessary and proper.

Respectfully submitted,
JULIAN BUSH,
CITY COUNSELOR

By:  /s/ Alexis L. Silsbe

Alexis L. Silsbe #64637
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4621
Fax: 314-622-4956
SilsbeA@stlouis-mo.gov
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed with the Court for service on September 17, 2020.

/s/ Alexis L. Silsbe

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    NEIL JOHN BRUNTRAGER, Attorney for Plaintiff
SERVICE EMAIL:    njbatty@aol.com, gpp@law-stl.com

Electronically Filed - City of St. Louis - September 17, 2020 - 12:30 PM

315-168 (Rev 7/17)

# VERNON BETTS

**SHERIFF**
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

*Div.1*

*Lawrence O'toole*

## Return of Service on Summons/Petition and Subpoena

**Defendant** *City of St. Louis*       **Doc. ID Number** *20-Smcc-5624*

**Address** *1200 market 200*       **Case Number** *2022-LC00880*

**Executed**:   [ ] Summons / Petition       [ ] Subpoena

---

I hereby certify that I served the within **summons and petition** by:

[ ] Subpoena   **How Served:** _____

[ ] Posting copy of Summons and copy of Petition, to dwelling listed on above address.

[ ] Delivering a copy of the summons and a copy of the petition, to the Defendant/Respondent.
   **How Served:** _____

[ ] Leaving a copy of the summons and a copy of the petition, at the dwelling place or usual abode of the Defendant/Respondent with a family member over the age of 15 years _____

[ ] Non-Est Reason: _____

---

[✓] For service on a **Corporation/Partnership**: by delivering a copy of the Eviction/Replevin/Writ of Possession to

[✓] An Agent and/or Appointed Agent: *Obo Cynthia Askew* (name) *Clerk F/B/55* (title).

[ ] A Partner: _____ (name) _____ (title).

[ ] A Managing or General Agent: _____ (name) _____ (title).

[ ] The person in charge of defendant's business office _____ (name)
   _____ (title).

[ ] The Registered Agent: _____ (name) _____ (title).

[ ] Non-Est Reason: _____

---

[ ] For service on **Limited Liability Company (LLC)**: by delivering a copy of the summons and a copy of the petition to:

[ ] The Registered Agent: _____ (name) _____ (title).

[ ] An Authorized Person: _____ (name) _____ (title).

[ ] An Organizer: _____ (name) _____ (title).

[ ] Non-Est Reason: _____

---

Served at ___ *1200 market 200* _____ (address)

in (**City of St. Louis**), MO, on *8-19-2020* (date) at *11:45pm* (time).

*Sgt. F. Parker 673*

_____       _____
Print name of Sheriff or Server       Signature of Sheriff or Server

---

A copy of the execution must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

| SHERIFF'S FEE PAID |

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC00880 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>LAWRENCE O'TOOLE | Plaintiff's/Petitioner's Attorney/Address<br>NEIL JOHN BRUNTRAGER<br>225 SOUTH MERAMEC AVE<br>SUITE 1200<br>CLAYTON, MO 63105 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CITY OF ST LOUIS
**Alias:** A MUNICIPAL CORPORATION

LYDA KREWSON, MAYOR
CITY HALL
1200 MARKET ST RM 102
SAINT LOUIS, MO 63103

COURT SEAL OF

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 31, 2020**
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



315-168 (Rev 7/17)

# VERNON BETTS

**SHERIFF**
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

w/F4S

DIV# 1

## Return of Service on Summons/Petition and Subpoena

**Defendant** STL METROPOLITAN POLICE DEPT    **Doc. ID Number** 20-SMCC-5625

**Address** 1915 OLIVE ST.    **Case Number** 2022-- CC00 880

**Executed:**    ☒ Summons / Petition    ☐ Subpoena

---

I hereby certify that I served the within **summons and petition** by:

☐ Subpoena  **How Served:** _____

☐ Posting copy of Summons and copy of Petition, to dwelling listed on above address.

☐ Delivering a copy of the summons and a copy of the petition, to the Defendant/Respondent.
**How Served:** _____

☐ Leaving a copy of the summons and a copy of the petition, at the dwelling place or usual abode of the Defendant/Respondent with a family member over the age of 15 years _____

☐ Non-Est Reason: _____

---

☐ For service on a **Corporation/Partnership**: by delivering a copy of the Eviction/Replevin/Writ of Possession to

☒ An Agent and/or Appointed Agent: Royana Helms (name) Legal Secretary (title).

☐ A Partner: _____(name) _____(title).

☐ A Managing or General Agent: _____(name) _____(title).

☐ The person in charge of defendant's business office _____(name)
_____(title).

☐ The Registered Agent: _____(name) _____(title).

☐ Non-Est Reason: _____

---

☐ For service on **Limited Liability Company (LLC)**: by delivering a copy of the summons and a copy of the petition to:

☐ The Registered Agent: _____ (name) _____ (title).

☐ An Authorized Person: _____ (name) _____ (title).

☐ An Organizer: _____ (name) _____ (title).

☐ Non-Est Reason: _____

---

Served at 1915 OLIVE ST. _____ (address)

in (**City of St. Louis**), MO, on 8-18-20 (date) at 9:00 A.M. (time).

BRIAN JONES    B~ 537    8-31-20
Print name of Sheriff or Server    Signature of Sheriff or Server

A copy of the execution must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**SHERIFF'S FEE PAID**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC00880 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>LAWRENCE O'TOOLE | Plaintiff's/Petitioner's Attorney/Address<br>NEIL JOHN BRUNTRAGER<br>225 SOUTH MERAMEC AVE<br>SUITE 1200 | Special Process Server 2 |
| vs. | CLAYTON, MO 63105 | Special Process Server 3 |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  ST LOUIS METROPOLITAN POLICE DEPARTMENT
Alias:

C/O CHIEF JOHN HAYDEN
1915 OLIVE
SAINT LOUIS, MO 63103.

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 31, 2020**

_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                  _____
Date                                 Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - August 06, 2020 - 03:01 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

 LAWRENCE O'TOOLE
Plaintiff/Petitioner

vs.

 CITY OF ST. LOUIS, et al
Defendant/Respondent

 August 6, 2020
Date

 2022-CC00880
Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Lawrence O'Toole                                       , pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Antoinette Kovar, Cotten Investigations I, Inc.  2820 Lafayette, St. Louis, MO. 63104   314-771-117
Name of Process Server                          Address                                      Telephone

 Augustus Cotton, Cotten Investigations I, Inc.  2820 Lafayette, St. Louis, MO. 63104   314-771-117
Name of Process Server                          Address or in the Alternative                Telephone

Name of Process Server                          Address or in the Alternative                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 St. Louis Metropolitan Police Depart.
Name
 1915 Olive
Address
 St. Louis, MO 63103
City/State/Zip

SERVE:
 City of St. Louis c/o Mayor Krewson
Name
 City Hall, 1200 Market St., Room 102
Address
 St. Louis, MO 63103
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____
        Deputy Clerk


_____
Date

 Neil J. Bruntrager
Signature of Attorney/Plaintiff/Petitioner
 29688
Bar No.
 225 S. Meramec Ste 1200, Clayton 63105
Address
 314-646-0066          314-646-0065
Phone No.                        Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - City of St. Louis - August 06, 2020 - 03:01 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



**SHERIFF'S FEE PAID**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: **2022-CC00880** | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>LAWRENCE O'TOOLE | Plaintiff's/Petitioner's Attorney/Address<br>NEIL JOHN BRUNTRAGER<br>225 SOUTH MERAMEC AVE<br>SUITE 1200<br>CLAYTON, MO  63105 | Special Process Server 2<br><br>Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  CITY OF ST LOUIS
                Alias:  A MUNICIPAL CORPORATION

LYDA KREWSON, MAYOR
CITY HALL
1200 MARKET ST RM 102
SAINT LOUIS, MO 63103
*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| **July 31, 2020** | |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ | _____
                      Date | Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**SHERIFF'S FEE PAID**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: **2022-CC00880** | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>LAWRENCE O'TOOLE | Plaintiff's/Petitioner's Attorney/Address<br>NEIL JOHN BRUNTRAGER<br>225 SOUTH MERAMEC AVE<br>SUITE 1200 | Special Process Server 2 |
| vs. | CLAYTON, MO 63105 | Special Process Server 3 |
| Defendant/Respondent:<br>CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  ST LOUIS METROPOLITAN POLICE DEPARTMENT
**Alias:**

C/O CHIEF JOHN HAYDEN
1915 OLIVE
SAINT LOUIS, MO 63103.
*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**July 31, 2020**

_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____
_____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                          Date                                          Notary Public

**Sheriff's Fees, if applicable**
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00    | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - June 02, 2020 - 11:47 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| LAWRENCE O'TOOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| Serve: | ) | |
| 1200 Market Street | ) | Cause No:    2022-CC00880 |
| St. Louis, MO 63103 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| Serve: | ) | |
| Chief John Hayden | ) | |
| 1910 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST TO ISSUE SUMMONS

COMES NOW Plaintiff Lawrence O'Toole, by and through his undersigned attorney,

and requests that Summonses be issued for service upon the following Defendants:

CITY OF ST. LOUIS
Serve:
City Hall
1200 Market St.
St. Louis, MO 63103


THE ST. LOUIS METROPOLITAN
POLICE DEPARTMENT
Serve:
Chief John Hayden
1910 Olive Street
St. Louis, MO 63103

Electronically Filed - City of St. Louis - June 02, 2020 - 11:47 AM

       Summons to be served by the St. Louis City Sheriff, Civil Process, Civil Courts Building – 8th Floor, 10 N. Tucker, St. Louis, MO 63101

                                BRUNTRAGER & BILLINGS, P.C.

                                /s/ Neil J. Bruntrager
                                Neil J. Bruntrager #29688
                                Attorney for Plaintiff
                                225 S. Meramec Ave., Suite 1200
                                St. Louis, Missouri  63105
                                (314) 646-0066
                                (314) 646-0065  Fax
                                Email: njbatty@aol.com

Electronically Filed - City of St. Louis - May 01, 2020 - 07:36 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| LAWRENCE O'TOOLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF ST. LOUIS, | ) |
| Serve: | ) |
| 1200 Market Street | )     Cause No: |
| St. Louis, MO 63103 | ) |
| | ) |
| and | ) |
| | ) |
| THE ST. LOUIS METROPOLITAN | ) |
| POLICE DEPARTMENT, | ) |
| Serve: | ) |
| Chief John Hayden | ) |
| 1910 Olive Street | ) |
| St. Louis, MO 63103 | ) |
| | ) |
| Defendants. | ) |

## PETITION FOR RETALIATION AND DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

COMES NOW plaintiff, Lawrence O'Toole, by and through his undersigned attorney, and for his claim against the City of St. Louis and the St. Louis Metropolitan Police Department states as follows:

1.      Plaintiff brings this action under the Missouri Human Rights Act, Section 213.010 et seq, RSMO 1986, as amended ("MHRA").

2.      The unlawful practices complained of herein were committed within the City of St. Louis, Missouri. Jurisdiction and venue in this court are proper pursuant to Missouri Revised Statutes §213.111.

3.      Plaintiff Lawrence O'Toole is a resident of the City of St. Louis, State of Missouri and a citizen of the United States.

Electronically Filed - City of St. Louis - May 01, 2020 - 07:36 AM

4.      Defendant City of St. Louis is a political subdivision of the state of Missouri and is, therefore, an employer within the meaning of MHR Sec 213.010(8).

5.      Defendant St. Louis Metropolitan Police Department is a division and department of the City of St. Louis and a political subdivision of the State of Missouri and, therefore, an employer within the meaning of MHRA Sec. 213.010(8).

6.      On June 22, 2018, Plaintiff filed charge number E − 06\18-49650; 28E-2018-01181C and 560 − 2019 − 01816 with the US Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR "). On June 20, 2019 the Plaintiff filed a First Amended Complaint clarifying his ongoing retaliation claim.

7.      On February 6, 2020, MCHR issued its notice of right to sue.

8.      Plaintiff timely filed his lawsuit within 90 days of MCHR's issuance of the notice of right to sue.

9.      Defendant City of St. Louis and the St. Louis Metropolitan Police Department hired the plaintiff to work as a commissioned police officer from 1984 through the present.

10.      The Plaintiff was consistently promoted throughout his career through the ranks to the position of Lieutenant Colonel.  From July 2015 to April 2017 the Plaintiff served as the Assistant Chief of Police. When the former Chief of Police resigned in 2017, Plaintiff, because of his experience and qualifications, was appointed the Acting Police Commissioner.  Plaintiff served in this position from April 2017 to December 2017.

11.      Plaintiff consistently performed his duty to the Defendants throughout his employment and exceeded expectations.

12.      The Police Chief of the St. Louis Metropolitan Police Department is identified as the Police Commissioner under the City of St. Louis Charter. The appointing authority for the Police Commissioner is the Director of Public Safety. The Director of Public Safety at all relevant times in this matter was Jimmie Edwards.

Electronically Filed - City of St. Louis - May 01, 2020 - 07:36 AM

13.     In April of 2017, the Plaintiff was assigned the duties of Police Commissioner given the title "Interim Police Commissioner".

14.     The process for the selection of Police Commissioner began on October 2, 2017. The application closed on October 26, 2017.  The Plaintiff participated in this process.

15.     Upon information and belief the promotion/hiring process for the position of Police Commissioner was biased against Plaintiff on the basis of his race.

16.     The promotion/hiring process occurred during and shortly after the Stockley riots which were racially motivated. This public unrest created a motivation on the part of the Defendants to refuse to promote the Plaintiff and such animus arose from the Plaintiff's race.

17.     The Defendants created committees for the stated purpose narrowing the list of candidates, ranking the candidates and making recommendations of candidates to the appointing authorities. Such committees were pretextual and heavily biased against the Plaintiff on the basis of race.

18.     Upon information and belief, the Defendant City of St. louis established the selection committees in a biased and unfair manner in the selection of members and the manner in which interviews were conducted.  The selection committees contained members who were openly hostile to the plaintiff on the basis of his race.

19.     The Defendants conducted public meetings as part of the promotion/hiring process. These meetings were conducted in a way designed to humiliate and embarrass the Plaintiff on the basis of his race.  The Defendants failed to control the meetings and their participants so that the meetings were chaotic and Plaintiff was denied the opportunity to participate in a fair and meaningful way.

20.     On December 27, 2017, the Plaintiff was notified through Jimmy Edwards and Mayor Lyda Krewson that he was not being selected for the position of Police Commissioner\Chief. The Director of Public Safety, Jimmy Edwards, stated, "If Jason

Electronically Filed - City of St. Louis - May 01, 2020 - 07:36 AM

Stockley didn't happen you would be the Police Chief". Plaintiff asserts upon information believed that this reflects the fact that the plaintiff's race was clearly a motivating factor in the decision not to promote the Plaintiff.

21.     Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act.  As a result of Defendants actions and failure to act , Plaintiff has lost and continues to lose  wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

**Count I**
**Retaliation**

22.     On December 20, 2017, Public Safety Director Jimmie Edwards promoted John Hayden to the position of Police Commissioner. This decision not to promote the Plaintiff was discriminatory and motivated by race.

23.     Upon information and belief, Police Commissioner John Hayden took office and immediately changed the duties and responsibilities held by the Plaintiff, including the duties and responsibilities of the Assistant Chief of Police.

24.     The decision to change the duties and responsibilities was an effort to marginalize an attempt to force the resignation of the Plaintiff.

25.     On December 27, 2017, when the Plaintiff was notified that he was not going to be appointed to the position of Police Commissioner, the Director of Public Safety provided a letter to the Plaintiff indicating that the Plaintiff would receive a pay increase and specifically asked the Plaintiff not to retire.

Electronically Filed - City of St. Louis - May 01, 2020 - 07:36 AM

26.     In addition, on December 27, 2017, the Director of Public Safety Jimmie Edwards stated in the presence of Mayor Lyda Krewson that not only would he be receiving a pay increase but that he would, in addition to that pay increase, be receiving the voter approved $6000 pay increase in July of 2018.

27.     All commissioned police officers of the St. Louis Metropolitan Police Department received this voter approved pay increase on July 13, 2018 except Plaintiff.

28.     The Plaintiff is one of five officers who holds the rank of Lieutenant Colonel. All five similarly situated Lieutenant Colonels each have different titles associated with their positions. All report directly to the Commissioner of Police. All other similarly situated Lieutenant Colonels did receive the $6000 pay increase on July 13, 2018. Only the Plaintiff, among all other commissioned police officers and Lieutenant Colonels did not receive this pay increase.

29.     On August 1, 2018, Plaintiff spoke to Police Commissioner John Hayden in person and through emails regarding the pay issue and documenting his concerns.

30.      On June 7, 2018, the Plaintiff inquired of David Daniels, Director of Finance for the St. Louis Metropolitan Police Department, whether he would be receiving the Prop P pay increase. Daniels responded by email indicating that he would inquire and would respond to the plaintiff.

31.     On June 22, 2018, the Plaintiff filed his formal complaint of discrimination and retaliation, as set forth above.

32.     On July 13, 2018, every other member of the St. Louis Metropolitan Police Department received a pay increase based upon Proposition P revenues except the Plaintiff. The decision to deny the pay increase to the Plaintiff was discriminatory and retaliatory for Plaintiffs complaints against the Defendants.

33.     The retaliatory actions taken against the plaintiff are ongoing and continuing.

Electronically Filed - City of St. Louis - May 01, 2020 - 07:36 AM

34.     Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act.  As a result of Defendants actions and failure to act , Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

35.     The conduct of Defendants was undertaken willfully, wantonly, maliciously, with evil motive, and with reckless disregard and indifference for the rights of Plaintiff.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager, #29688
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
(314) 646-0066
(314) 646-0065  Fax
njbatty@aol.com

Attorney for Plaintiff