UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE O'TOOLE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00070-SRC |
| | ) |
| CITY OF ST. LOUIS, et. al, | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter is before the Court on Defendants' unopposed Motion to Dismiss. Doc. 12. As Plaintiff O'Toole has not filed a response, the Court grants the motion and dismisses this matter without prejudice.

On May 1, 2020, Plaintiff Lawrence O'Toole filed this action in state court for employment discrimination and retaliation on the basis of race and national origin, naming as Defendants the City of St. Louis, the St. Louis Metropolitan Police Department, Chief John Hayden, and Jimmie Edwards. Doc. 3; 11. O'Toole brought two counts in his First Amended Petition: Count I under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 *et seq.*, and Count II under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*. Doc. 11.

On January 19, 2021, Defendants removed the matter to federal court on the basis of federal question jurisdiction. Doc. 1. On January 25, 2021, Defendants filed a motion to dismiss both counts in O'Toole's petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 12. O'Toole failed to respond to Defendants' motion to dismiss. On February 11, the Magistrate Judge assigned to this case issued a show cause order requiring O'Toole to respond to Defendants' motion within fourteen days. Doc. 15. The Court warned O'Toole that failure to respond "may result in the Court ruling on the unopposed Motion." *Id.* O'Toole's deadline to

1

respond to Defendants' motion passed on February 25, 2021.  *Id*.  To date, O'Toole has not filed a response.

Federal district courts have the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).  Even after the Court's express warning regarding the consequences of O'Toole's failure to respond to its show cause order, O'Toole did not file a response or bring any issues to the attention of the Court.  The Court deems O'Toole to have abandoned his action and dismisses the action without prejudice under Federal Rule of Civil Procedure 41(b).  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Accordingly, the Court dismisses this matter, in its entirety, without prejudice.

So Ordered this 11th day of March, 2021.

_SLR.CR_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE