**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE O'TOOLE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00070-SRC |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| ST. LOUIS METROPOLITAN ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| CHIEF JOHN HAYDEN ) | |
| In his official and individual capacity, ) | |
| ) | |
| JIMMIE EDWARDS ) | |
| In his official and individual capacity, ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER, VACATE AND SET ASIDE ORDER OF MARCH 11, 2021**

COME NOW Defendants City of St. Louis, The St. Louis Metropolitan Police Department ("SLMPD"), John Hayden in his official and individual capacities ("Hayden"), and Jimmie Edwards in his official and individual capacities ("Edwards") (collectively, "Defendants") and respond in opposition to Plaintiff Lawrence O'Toole's ("Plaintiff") Motion to Reconsider, Vacate, and Set Aside Order of March 11, 2021 (Doc. 19). In support, Defendants state:

**Procedural History**

1. Counsel for Defendants informed counsel for Plaintiff via email on January 14, 2021 that they would consent to Plaintiff's Motion to File a First Amended Petition in his underlying state case (2022-CC00880) and would subsequently be removing the case

1

to Federal Court. Ex. A. Counsel for Plaintiff did not respond to the January 14, 2021 email, nor did he effect service or advise at any time that he had already filed an original petition in federal court asserting the same claims under Cause No. 4:20-cv-01851-MTS.

2.   On January 19, 2021, Defendants timely removed Plaintiff's underlying state case (2022-CC0880) to this Court and submitted Notice to Plaintiff of Removal. Docs. 1 & 2. As indicated on the Certificate of Service for the Notice to Plaintiff of Removal (Doc. 2), counsel for Defendants emailed Notice of Removal to Federal Court, Notice to Plaintiff of Removal, and Notice to State Court of Removal to counsel for Plaintiff on January 19, 2021. Ex. B. Counsel for Defendants immediately received an automated response that counsel for Plaintiff would be out of the office until January 25, 2021. Ex. C. To date counsel for Defendants have received no response from counsel for Plaintiff with regard to this email.

3.   On January 22, 2021, counsel for Defendants emailed counsel for Plaintiff a copy of Defendants' completed form consenting to Magistrate Judge Jurisdiction. Ex. D. Again, to date counsel for Defendants have received no response from counsel for Plaintiff with regard to this email.

4.   On January 25, 2021, Defendants submitted their Motion to Dismiss and Memorandum in Support. Docs. 12 & 13. Plaintiff did not respond to counsel for Defendants or the Court.

5.   On February 11, 2021, Magistrate Judge Noelle Collins entered a Show Cause Order advising that Plaintiff had not responded within the time frame required by E.D. Mo. Local Rule 4.01 and allowing Plaintiff an additional fourteen (14) days to file a

response to Defendants' Motion to Dismiss. Doc. 15. Plaintiff did not respond to counsel for Defendants or the Court.

      6.   On February 22, 2021, the Court entered two Orders. The first (Doc. 16), advising that this case would be randomly reassigned (due to Plaintiff's failure to respond to the Court regarding Magistrate Judge Jurisdiction) and the second (Doc. 17), assigning the above captioned case to District Judge Stephen Clark.

      7.   On March 11, 2021, this Court entered an order granting Defendants' unopposed Motion to Dismiss (Doc. 12) the above captioned case. Doc. 18.

      8.   On March 12, 2021, Plaintiff filed his Motion to Reconsider, Vacate, and Set Aside Order of March 11, 2021 (Doc. 19) due to an already existing petition in federal court (4:20-cv-01851-MTS) asserting the same claims that caused removal in this instant case. Plaintiff's Motion does not assert that he did nor provide any explanation as to why he did not effect service on 4:20-cv-01851-MTS or advise at any time that he had filed an original petition in federal court asserting the same claims.

## Standard of Relief

Plaintiff's argument that this Court's dismissal should be vacated "under Rule 59 or 60 of the Federal Rules of Civil Procedure" due to Plaintiff's own "mistake, inadvertence, or excusable neglect" is misplaced. Defendants would first point out that Rule 59 is inapplicable here because there was no trial. In addition to failing to meet the standard for the Court to grant Plaintiff's motion under Rule 60(b), the relief requested is made moot by his duplicative pending complaint (4:20-cv-01851-MTS). For these reasons, Defendants respectfully request that this Court deny Plaintiff's Motion, and

affirm and uphold its Order of March 11, 2021 (Doc. 18) granting dismissal of the above captioned cause.

The standard for a district court to grant a Fed. R. Civ. Pro. 60(b) motion is "only upon an adequate showing of exceptional circumstances." *Renaissance Pen Co. v. Krone, LLC*, 2006 U.S. Dist. LEXIS 99387, 2006 WL 2092424 (citing *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (quoting *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995)). "Rule 60(b) authorizes relief in only the most exceptional of cases." *IBEW, Local Union No. v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002) (citing *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001)). In the context of Rule 60(b), "excusable neglect" is "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). However, in order to be <u>excusable</u>, the neglect "must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Id*.

Plaintiff cannot show any exceptional circumstances nor evidence of excusable neglect and therefore his motion should be denied. In *Renaissance*, the Court declined to vacate its order of dismissal because the movant had never filed a response arguing its justification despite "being given ample time, including extensions, to brief the issue." *Renaissance* at 5. Similarly, Plaintiff here was given ample time, including an unprompted extension gifted by the Court per the February 11, 2021 Show Cause Order, to brief his opposition to Defendants' Motion to Dismiss. Plaintiff provides no reason for failing to respond other than the Court's February 11, 2021 order was "somehow

4

overlooked." In *Noah*, the Eighth Circuit upheld the district court dismissal of an employment discrimination lawsuit <u>with prejudice</u> after Plaintiff failed to respond to an order to show cause why the matter should not be dismissed. In that case, Plaintiff filed a Rule 60(b) motion with counsel stating his concentration was focused on other matters due to his schedule being unusually complicated after a holiday weekend. *Noah* at 1045.

Similarly, Plaintiff here has not shown excusable neglect. Between January 14, 2021 and the Court's March 11, 20201 order Plaintiff received no less than 3 emails from counsel for Defendants and 17 notices via the Court's electronic filing system (sent to 3 different email addresses for Plaintiff's counsel). The fact that Plaintiff made no effort to respond to Defendants or the Court at any time between January 14 and March 11, yet was able to file a Motion to Vacate immediately following this Court's Order on March 12 falls far from a showing of good faith or reasonable circumstances required to establish that his neglect was excusable.

Plaintiff also asserts that based on an alleged phone call with Judge Collins' deputy clerk he was told that "the earlier filing would control" and that "the two matters should be assigned" to Judge Schelp. A conversation with a deputy clerk, particularly with the hypothetical use of "should" absent any confirmation by the Court, is not a reasonable basis for noncompliance with Court rules or orders. Additionally, Defendants' Motion to Dismiss had been pending and unanswered since January 25, and multiple orders continued to come through from the Court (Docs. 16 & 17 on February 22 as well as Judge Clark's docket text Standing Order on February 23) <u>after</u> the Show Cause Order but <u>prior</u> to the Order dismissing Plaintiff's case. These subsequent orders transferred the case from Judge Collins to Judge Clark, indicating that counsel for Plaintiff continued to

5

rely on a conversation with a clerk to a judge no longer involved in this matter for almost three weeks prior to the March 11 dismissal. This further reinforces that Plaintiff's neglect was not reasonable or excusable, and there are no "exceptional circumstances" supporting Plaintiff's request that the March 11, 2021 order be vacated.

Plaintiff alleges "all actions taken regarding reassignment of the matter were due upon return from quarantine and there was no undue delay" and that there has been no prejudice to the Defendants. Defendants firmly contend otherwise. As outlined in the procedural timeline above, Plaintiff failed to respond to Defendants or the Court both prior to and after his Counsel's period of quarantine. Counsel's quarantine excuse in its entirety lacks merit as he does not contend that he was too sick to work (or sick at all) during his period of quarantine or that he lacked access to a laptop or phone with access to email. Counsel does not put forth any reason that any of the other six (6) attorneys in his firm couldn't handle responding to Defendants or the Court during his period of quarantine. Any actions Plaintiff took to file suit in December or with regard to Judge Collins' deputy clerk in February were not relayed to Defendants, therefore Defendants were not aware of any actions taken regarding this matter prior to the swift filing of Plaintiff's Motion to Vacate on March 12.

Defendants have already been prejudiced in having to bear the $400 filing fee as the cost of removal, which could have been avoided entirely by Plaintiff simply advising Defendants of claim 4:20-cv-01851-MTS, effectuating service on that claim, or responding to Defendants' January 14 email that expressly informed Plaintiff of Defendants' imminent plan for removal. Granting Plaintiff's motion now will prejudice Defendants further in the form of requiring them to defend two dueling and duplicative

6

complaints simultaneously. There is no logical basis to Plaintiff's request to vacate this Court's order with a promise to transfer and consolidate claims. Plaintiff's existing claim 4:20-cv-01851-MTS that he suggests consolidation with is by his own admission "the same claims" against these same defendants on the same factual allegations. This Court's dismissal has no effect on Plaintiff's existing claim 4:20-cv-01851-MTS, therefore the dismissal serves no harm to Plaintiff and there are no exceptional circumstances supporting Plaintiff's request to vacate the March 11 Order of Dismissal.

WHEREFORE, Defendants City of St. Louis, SLMPD, Hayden and Edwards respectfully request that the Court deny Plaintiff's Motion to Reconsider, Vacate, and Set Aside Order of March 11, 2021 and for any other orders which this Court deems proper.

Respectfully submitted,

MICHAEL GARVIN,
CITY COUNSELOR

By:  /s/ Korey Lewis

Korey Lewis #68203MO
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4651
Fax: 314-622-4956
LewisK@stlouis-mo.gov
**ATTORNEY FOR DEFENDANTS**